**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASCOM HASLER MAILING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Civil Action No. 00-1401 (PLF/JMF) |
| NEOPOST, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Civil Action No. 00-2089 (PLF/JMF) |

**MEMORANDUM OPINION**

These cases have been referred to me by Judge Friedman for full case management.

Pending before me now are several motions, including (1) Plaintiffs' Motion to Compel

Defendant to Produce Information It Has Withheld Pursuant to the Deliberative Process Privilege

[#105][1] ("Pls. Mot. to Compel"); (2) Defendant's Motion to Strike Plaintiffs' Expert Designation

[#106] ("Def. Mot. to Strike #1"); Defendant's Motion to Enlarge Time for Defendant to Identify

Its Experts [#106] ("Def. Mot. for Ext. #1"); (4) Defendant's Motion for an Order Extending the

---

[1] I will refer only to the docket entry numbers for the lead case in this consolidated action, Neopost, Inc., v. U.S. Postal Serv., No. 00-CV-2089, as the docket entry of October 4, 2006 indicates that all filings should be made under the lead case.

Time For Defendant to Respond to Plaintiffs' Requests for Admissions [#107]; (5) Defendant's

Motion to Strike Plaintiffs' Requests for Admission [#114] ("Def. Mot. to Strike #2"); (6)

Defendant's Motion to Compel and for Attorney's Fees [#108] ("Def. Mot. to Compel"); (7)

Defendant's Motion for an Order Extending the Time for Defendant to Complete Discovery

[#108]; and (8) Defendant's Motion for Leave to File a Sur-reply [#123]. I will address the

motions in turn.

## I. Plaintiffs' Motion to Compel

Defendant has refused to produce certain relevant documents, claiming that they are

protected by the deliberative process privilege.  See Pls. Mot. to Compel at 1.  Plaintiffs filed this

motion to compel, arguing that the deliberative process privilege does not apply because (1) the

United States Postal Service ("USPS") did not comply with the procedure required to claim the

privilege, (2) the government agency's actions were commercial, not regulatory, (3) the claims at

issue involve the intent of a government agency, (4) the government agency passed its

regulations in bad faith, and (5) the balance of interests tips in favor of plaintiffs' need for the

information. Memorandum in Support of Plaintiffs' Motion to Compel Defendant to Produce

Information It has Withheld Pursuant to the Deliberative Process Privilege [#105] ("Pls. Memo.

to Compel") at 1.  Defendant argues that the motion should be denied because (1) plaintiffs did

not comply with Local Rule 30.4, (2) the deliberative process privilege was properly asserted, (3)

plaintiffs are not entitled to disclosure of privileged communications, and (4) independent

grounds exist for protecting from production the remaining documents sought by plaintiffs.

Opposition to Plaintiffs' Motion to Compel [#113] ("Def. Opp. Mot. to Compel") at 1.

*Local Rule 30.4*

Local Rule 30.4, referring to the form of responses to interrogatories and requests for admission or production of documents, requires motions to compel answers or responses to identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto.  See LCvR 30.4.  As defendant asserts, plaintiffs did not quote each interrogatory or request in full in their motion to compel; however, they did identify the interrogatory or requests in question and provided the full text as an attachment.  As there are seven interrogatories and 25 document requests at issue, plaintiffs' inclusion of the interrogatories and requests as attachments, rather than as part of the text of the motion, reasonably complies with the spirit of Local Rule 30.4.  Despite defendant's objections, I will not deny plaintiffs' motion on this basis; therefore, I will continue with an analysis of the deliberative process privilege.

*Deliberative process privilege*

The deliberative process privilege provides protection for those documents which reflect "advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." Dep't of the Interior v. Klamath Water Users Protective Assoc., 532 U.S. 1, 8-9 (2001) (citing N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)).  The purpose of the privilege is three-fold: first, it "protects candid discussions within an agency"; second, "it prevents public confusion from premature disclosure of agency opinions before the agency established its final policy;" and, third, "it protects the integrity of an agency's decision," preventing the public from judging officials based on information they may have considered prior to issuing their final decision. Alexander v. F.B.I., 192 F.R.D. 50, 55

3

(D.D.C. 2000) (citing <u>Judicial Watch v. Clinton</u>, 880 F.Supp. 1, 12 (D.D.C. 1995), <u>aff'd</u>, 76 F.3d 1232 (D.C. Cir. 1996)).  The privilege promotes the quality of agency decision-making by protecting decision-makers' ability to communicate freely and privately without concern that deliberations will become the subject of discovery. <u>Klamath Water Users Protective Assoc.</u>, 532 U.S. at 8-9.

For the privilege to apply, communications must be pre-decisional. <u>N.L.R.B. v. Sears, Roebuck & Co.</u>, 421 U.S. at 151.  Not every document related to a given decision will be protected by the privilege simply because it is pre-decisional. <u>N.L.R.B. v. Jackson Hosp. Corp.</u>, 257 F.R.D. 302, 308 (D.D.C. 2009).  Pre-decisional documents must also be deliberative to qualify for the privilege. <u>Id.</u>  "A document is 'predecisional' if it plays a role in the agency's decision-making process, and information within that document is deliberative if it involves the weighing of arguments for and against various outcomes." <u>Wilson v. Dep't of Justice</u>, 87-CV-2415, 1991 WL 111457, at *4 (D.D.C. June 13, 1991) (citing <u>Access Reports v. Dep't of Justice</u>, 926 F.2d 1192 (D.C. Cir. 1991).  A document is deliberative if it reflects the give-and-take of the consultative process. <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 617 F.2d 854, 866 (D.C. Cir. 1980).  In other words, "the document must be a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." <u>Vaughn v. Rosen</u>, 523 F.2d 1136, 1144 (D.C. Cir. 1975).  Thus, purely factual material is not protected, "'unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations.'" <u>N.L.R.B. v. Jackson Hosp.</u>

Corp., 257 F.R.D. at 308 (quoting In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir.1997)).[2]

Therefore, documents will not be protected in their entirety, unless redacting the portions of the

documents that reveal deliberations is impossible. Id. at 309.  Documents that "'memorialize or

evidence the policy an agency ultimately adopts on an issue'" or "documents that the agency used

in dealing with the public" are not privileged. Id.

  To properly withhold a document on the grounds that it is privileged, the party seeking

privilege must "describe the nature of the documents, communications, or tangible things not

produced or disclosed and do so in a manner that, without revealing information itself privileged

or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).  Thus,

for the USPS's description to be adequate, "the Court and [plaintiffs] must be able to determine,

from the privilege log, that the documents withheld are (1) pre-decisional; (2) deliberative; (3) do

not 'memorialize or evidence' the agency's final policy; (4) were not shared with the public; and

(5) cannot be produced in a redacted form." N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. at 309.

Further, an assertion of privilege requires: "(1) a formal claim of privilege by the 'head of the

department' having control over the requested information; (2) assertion of the privilege based on

actual personal consideration by that official; and (3) a detailed specification of the information

for which the privilege is claimed, with an explanation why it properly falls within the scope of

the privilege." Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000) (citations omitted).

---

[2] Defendant incorrectly argues that once a party claims the deliberative process privilege, it is the responsibility of the opposing party to propound supplemental discovery requests for the underlying factual information contained within the privileged material. Def. Opp. Mot. to Compel at 2-3, 7-11.  It is the responsibility of the party asserting the privilege to narrowly construe such a privilege and provide the requesting party with unprivileged factual material. See, e.g., N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. at 308 (citations omitted).

Thus, "to properly assert the privilege, defendant must 'establish a formal, considered, detailed claim of privilege.'" Doe v. Dist. of Columbia, 230 F.R.D. 47, 51(D.D.C. 2005) (quoting Tri-State Hosp. Supply Corp. v. U.S., 226 F.R.D. 118, 134 (D.D.C. 2005) (citations omitted)).  A common practice of agencies seeking to invoke the deliberative process privilege is to establish the privilege through a combination of privilege logs, which identify specific documents, and declarations from agency officials explaining "what the documents are and how they relate to the [agency] decision." N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. at 308 (citing Landry, 204 F.3d at 1134; Colo. Wild Horse and Burro Coal., Inc. v. Kempthorne,, 571 F. Supp. 2d 71, 73 n. 2). To avoid waiving privilege, the defendant agency must "make a detailed argument, including affidavits from the proper governmental authorities, in support of the privilege" because, "without a specific articulation of the rationale supporting the privilege," a court cannot rule on whether the privilege applies. Doe, 230 F.R.D. at 51-52.[3]

*Analysis*

The defendant has provided a privilege log for the documents it withheld that is more or less useless.  From the privilege log, it appears that the documents in question fall into three categories, 1) documents that are also protected by either attorney-work product or attorney-client privileges, 2) documents that are internal, pre-decisional documents,, and 3) documents that are

---

[3] Defendant incorrectly interprets my opinion in Doe.  I do not "explain" in Doe that "once challenged, a government agency need only produce an affidavit establishing the communications in question are predecisional 'policy deliberations, legal analysis or conclusions' for the deliberative process privilege to stand.'" Def. Opp. Mot. to Compel at 6 (citing Doe, 230 F.R.D. at 51).  Instead, I make clear that the agency must "make a detailed argument, including affidavits from the proper governmental authorities, in support of the privilege." Doe, 230 F.R.D. at 51-52.  Thus, affidavits are necessary to support an agency's detailed argument for the claim of privilege, but are in no way sufficient in themselves to establish that privilege.

communications with or from a third party, Pitney Bowes.

Plaintiffs do not challenge the assertion of attorney-client or attorney-work product

privileges; therefore, while the documents are subject to plaintiffs' motion, it would be of little

use to determine whether the deliberative process privilege applies to documents for which

defendant claims an additional privilege, as they would be withheld anyway.  Thus, as a

preliminary matter, I will not consider the documents for which defendants assert a privilege in

addition to the deliberative process privilege (see table below).

| Beginning Doc Bates # | End Doc Bates # | Document Type | Nature of Privilege |
|---|---|---|---|
| ASC 000445 | ASC 000447 | Memorandum | Attorney Client Communication & Pre-decisional |
| ASC 000609 | ASC 000614 | Memorandum | Attorney Work Product, Attorney Client Communication & Pre-decisional |
| ASC 000642 | ASC 000646 | Memorandum | Attorney Work Product, Attorney Client Communication & Pre-decisional |
| ASC 001163 | ASC 001165 | Memorandum | Attorney Work Product & Pre-decisional |
| ASC 001175 | ASC 001177 | Memorandum | Attorney Work Product & Pre-decisional |
| ASC 001200 | ASC 001201 | Memorandum | Attorney Work Product & Pre-decisional |
| ASC 002656 | ASC 002690 | Memorandum | Attorney Work |

| | | | Product, Attorney Client Communication & Pre-decisional |
|---|---|---|---|
| ASC 002719 | ASC 002745 | Memorandum | Attorney Work Product, Attorney Client Communication & Pre-decisional |
| ASC 002764 | ASC 002765 | Memorandum | Attorney Work Product & Pre-decisional |
| ASC 002820 | ASC 002824 | Memorandum | Attorney Work Product, Attorney Client Communication & Pre-decisional |
| ASC 002825 | ASC 002826 | Memorandum | Attorney Client Communication & Pre-decisional |

This leaves only internal, pre-decisional documents and external, pre-decisional communications with Pitney Bowes. USPS's privilege log does not provide any information concerning the documents withheld on the basis of deliberative process privilege, save the type of document, the author and addressees, and that these documents are pre-decisional. See Def. Opp. Mot. to Compel at Ex. B. In its Supplemental Privilege Log in Response to Plaintiffs' Discovery Requests, defendant also failed to include any declarations supporting the claims of privilege. Defendant does provide an affidavit from the relevant "head of the department," Managing Counsel for the Corporate Law Section, in support of its opposition to this motion to compel. See Def. Opp. Mot. to Compel at Ex. A. But, the privilege log and declaration alone are

not sufficient for me to make a determination as to the privilege claim because the assertions in

the declaration are conclusory.  While I might be tempted to deny the claim of privilege on that

ground, I also presided over the settlement discussions between the United States and Pitney

Bowes, and I am determined to protect the confidentiality of those discussions at all costs.

Despite the deficiency in the privilege log, I will nevertheless order defendant to submit the

remaining documents it has withheld, pursuant to the deliberative process privilege, to me within

ten days of this order for *in camera* review of the documents.[4]

## II. Defendant's Motion to Strike Plaintiff's Expert Designation

Defendant has filed this motion claiming that plaintiffs' expert, Dr. Bruce D. Abramson,

should be disqualified "because of [a] conflict of interest created by his prior work on litigation

that is significantly related to the present matter and for which there is a confidentiality order

limiting the disclosure of information within his possession and relevant to his testimony." Def.

Mot. to Strike #1 at 1.  Dr. Abramson disclosed during his deposition that he had worked for

Pitney Bowes in its litigation against the defendant. Id. at 4.  Dr. Abramson had worked on the

consultant team that produced the expert report for Pitney Bowes that was used in the litigation

and confidential mediation. Id.  Dr. Abramson was not Pitney Bowes's principal expert, but he

did coordinate the economic analysis of the expert report. Id.  Further, defendant claims that Dr.

Abramson has seen the confidential report and information that Pitney Bowes submitted during

mediation. Id.  The report submitted by Pitney Bowes's expert, Dr. Overstreet, involved the

review of confidential information submitted by the defendant. Id. at 8.

---

[4] Defendant has filed a Motion for Leave to File a Sur-reply to Plaintiff's Motion to Compel [#123].  I have reviewed the proposed sur-reply, and I can assure the parties that I do not intend to rely on any of the arguments in it.  The motion is therefore denied as moot.

There are genuine issues of material fact that must be resolved before I can decide this motion. I will therefore order the parties to meet and confer to find a day amenable to both sides to hold an evidentiary hearing on the motion. The evidentiary hearing will be set to determine what confidential information related to the Pitney Bowes mediation, if any, was made available to Dr. Abramson by defendant because of his participation in the preparation of the Pitney Bowes expert report. Again, I express my concern that the settlement discussions remain confidential at all costs. I will therefore set a pre-hearing status conference at which counsel and I can discuss how to accomplish what we must and still protect the confidentiality of the settlement discussions.[5]

### III. Defendant's Motion for an Order Extending the Time For Defendant to Respond to Plaintiffs' Requests for Admissions *and* Motion to Strike Plaintiffs' Requests for Admission

Defendant filed this motion for an extension of time to respond to plaintiffs' requests for admissions, arguing both that the agency's counsel had a family emergency and that plaintiffs had agreed to allow defendant an additional amount of time to respond, only to revoke their consent. Def. Mot. for Ext. #1 at 2. Plaintiffs argue that the response to their requests for admissions were overdue, even before defendant requested additional time, and that they never agreed to an extension. Plaintiffs' Opposition to Defendant's Motion for an Order Extending the Time for Defendant to Respond to Plaintiffs' Requests for Admission [#126] ("Pls. Opp. for Ext. #1") at 2-3. Further, plaintiffs argue that defendant sought an excessive amount of additional time to respond "to scuttle previously set dispositive motions deadlines." Id. at 1.

---

[5] In addition to the motion to strike, defendant has filed a motion to enlarge time to identify its expert. The motion is denied without prejudice, pending the evidentiary hearing on the Motion to Strike Plaintiff's Expert Designation.

Plaintiffs claim that they completed hand delivery of their request for admissions on July 8, 2009. Id. at 2.  Plaintiffs provide an email confirmation of hand delivery of the documents on July 8, 2009 to the United States Attorney, 555 Fourth Street, NW, Floor 10, Washington DC 20001. Id. at Ex. A.  If this were true, defendant's responses would be due August 7, 2009, the last day of discovery.  Defendant responds to this argument with a Motion to Strike Plaintiffs' Requests for Admission.  See Def. Mot. to Strike #2 at 1.  According to defendant, plaintiffs did not properly serve their requests for admissions on defendant, nor were the requests timely. Id. Defendant claims that plaintiffs delivered the requests for admissions to an incorrect address, i.e., 555 Fourth Street, instead of 501 Third Street, and that by the time defendant's counsel received the requests for admission, defendant's response, which had to be filed thirty days after receipt of the requests, would have had to be filed past the discovery deadline. Id.  According to defendant, this should relieve it of any obligation to file answers.

To support its claim that the requests were improperly served, defendant provides a letter dated July 25, 2007, addressed to the Clerk of the Court, regarding the service of process on United States Attorney's Office in Civil Cases. Def. Mot. to Strike #2 at Ex. 4.  The letter indicates that it is written pursuant to Federal Rule of Civil Procedure 4(i)(1)(A) and pertains to the service of summons and complaints upon the United States by service upon the United States Attorney. Id.  The issue before the court, however, is not the service of a summons and complaint upon the United States, but the timely service of discovery requests after an answer has been filed and counsel for defendant has entered her appearance.  As plaintiffs indicate, this issue is governed by Federal Rule of Civil Procedure 5(b).  That rule requires that "if a party is represented by an attorney, service under this rule must be made on the attorney." Plaintiffs'

Opposition to Defendant's Motion to Strike Plaintiffs' Requests for Admissions [#120] ("Opp. to

Mot. to Strike #2") at 2.  Service was made at the address defendant's attorney provides, beneath

his own signature, at the conclusion of court documents submitted in this case.  Service was

made therefore in a timely manner and exactly as the pertinent rule requires.  It is unreasonable

for defendant to expect plaintiffs to have served the documents to the address provided in a two-

year-old letter not addressed to plaintiffs and not referring to the service of discovery requests

rather than the address that defendant's counsel includes beneath his signature in every document

filed in this case.[6]  There is no basis for defendant's motion to strike, and thus, I will deny it.

I am left to determine whether, despite defendant's failure to respond to plaintiffs' request

for admissions in a timely manner, I should grant defendant an extension of time to do so.

Federal Rule of Civil Procedure 6(b) governs the extensions of time for various filings.  See Fed.

R. Civ. P. 6(b); see also Smith v. District of Columbia, 430 F.3d 450, 456 (D.C. Cir. 2005)

(finding that a post-deadline extension requires a motion and a finding of excusable neglect).

Defendant failed to respond to the request for admissions in a timely manner and filed the present

motion after the time to respond to the request for admissions had expired and the discovery

deadline had passed.  The court may, for cause, grant such an extension, only upon the filing of a

motion seeking leave to file the untimely filed document and a showing of excusable neglect.

See Fed. R. Civ. P. 6(b)(1).  Without such a motion for leave to file, the court has no power to

grant the extension sought.  Smith, 430 F.3d at 456.  I must therefore strike defendant's motion

for an extension of time.

---

[6] I can take judicial notice that 501 Third Street is across the street from the rear of 555
Fourth Street.  Why there was delay in the requests making their way across 3rd Street is not
explained.

### IV. Defendant's Motion to Compel and for Attorney's Fees

The court has already considered one motion to compel by the defendant and ordered plaintiffs to respond to defendant's first discovery requests and to pay $250 in attorney's fees. See November 29, 2007 Minute Order.  Defendant indicates that plaintiffs have failed to make this payment. Def. Mot. to Compel at 1.  Plaintiffs, in their opposition brief, do not deny that they have not complied with my order.  I will order plaintiffs to pay the $250 within 3 days of this order.  Future failure to comply with the court's orders will not be excused.

In its second motion to compel, defendant seeks documents in reference to its Supplemental Request for Production of Documents filed on May 12, 2009. Id. at 2.  Plaintiffs have provided some documents in reference to the request, but defendant finds the production to be "woefully deficient." Id.  Plaintiffs claim that they have produced all responsive documents in their possession, custody and control. Plaintiffs' Opposition to Defendant's Motion to Compel and for Attorney's Fees and for an Order Extending the Time for Defendant to Complete Discovery [#125] ("Opp. to Def. Mot. to Compel") at Ex. A.  As Federal Rule of Civil Procedure 34 indicates, a party may serve on another party a request to produce items in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a).  The rule requires only that parties produce documents that "are *already* in existence." Alexander v. F.B.I., 194 F.R.D. 305, 310 (D.D.C. 2000) (citing Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co., 576 F. Supp. 511, 512 (W.D. Pa. 1983); 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2210 (2d ed. 1994)) (emphasis added).  Accordingly, a party cannot be required "to prepare, or cause to be prepared," documents not already in existence solely to satisfy the requests of an opposing party. Id. (citing Rockwell, 576 F. Supp. at 511).

13

Lack of evidence showing that a producing party is in fact in possession of a document is grounds to deny a motion to compel.  See id.

It is unclear to me that all of the documents that defendant seeks have been proven to exist; however, it is clear that there were some documents sought by defendant which once existed, but are no longer in the possession, custody, and control of plaintiffs.  While I cannot compel plaintiffs to produce documents that no longer exist within their possession, custody and control, I certainly fear, and defendant alludes to, the potential for a spoliation motion that may be difficult to resolve because of the passage of time.  I would like to prevent both the parties' and judicial resources from being spent needlessly.  Thus, I am going to order the parties to work together to determine: (1) exactly what documents defendant still seek; (2) whether these documents, to the best of plaintiffs' knowledge, ever existed; (3) if they did exist, to the best of plaintiffs' knowledge, who was last known to have possession, custody or control of them; (4) whether plaintiffs object to the disclosure of the documents, on grounds other than the burden of the passage of time and what specific support will they offer for these objections; and (5) whether there are documents that are in the possession, custody and control of plaintiffs that provide the same information sought by defendant as documents once in existence but no longer in the possession, custody and control of plaintiffs.

The parties are ordered to meet and confer in a good faith effort to provide the court with the most accurate information possible in a chart or an otherwise clear and concise format via a joint filing, to be filed no later than 14 days from the date of this order.  I will deny defendant's motion to compel without prejudice.  I will not award attorneys' fees to either party.  Likewise, I will also deny defendant's motion for an order extending the time for defendant to complete

discovery without prejudice, pending this submission.

## V. Conclusion

For the reasons herein discussed, the court will grant Plaintiffs' Motion to Compel Defendant to Produce Information It Has Withheld Pursuant to the Deliberative Process Privilege [#105]; deny Defendant's Motion for Leave to File a Sur-reply [#123]; hold an evidentiary hearing on Defendant's Motion to Strike Plaintiffs' Expert Designation [#106]; deny without prejudice Defendant's Motion to Enlarge Time for Defendant to Identify Its Experts [#106]; strike Defendant's Motion for an Order Extending the Time For Defendant to Respond to Plaintiffs' Requests for Admissions [#107]; deny Defendant's Motion to Strike Plaintiffs' Requests for Admission [#114]; and deny without prejudice Defendant's Motion to Compel and for Attorney's Fees [#108] and Defendant's Motion for an Order Extending the Time for Defendant to Complete Discovery [#108].

An order accompanies this memorandum opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE