**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ASCOM HASLER MAILING SYSTEMS, INC., ) ) ) ) Plaintiff, ) ) v. ) **Civil Action No. 00-1401 (PLF/JMF)** ) UNITED STATES POSTAL SERVICE, ) ) Defendant. ) | |

|  |  |
|---|---|
| NEOPOST, INC., ) ) ) Plaintiff, ) ) v. ) **Civil Action No. 00-2089 (PLF/JMF)** ) UNITED STATES POSTAL SERVICE, ) ) Defendant. ) | |

**OPPOSITION TO DEFENDANT'S PROTECTIVE MOTION FOR
AN ORDER EXTENDING THE TIME TO RESPOND TO PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVITS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Neopost, Inc. ("Neopost") and Hasler, Inc. f/k/a Ascom Hasler Mailing Systems, Inc. ("Ascom") (collectively "Plaintiffs"), by counsel, hereby oppose Defendant's Protective Motion for an Order Extending the Time to Respond to Plaintiffs' Opposition to Defendant's Motion to Strike Affidavits in Support of Plaintiffs' Motion for Summary and state as follows:

1. United States Postal Service ("USPS"), through its counsel, contacted Plaintiffs' counsel on the afternoon of Thursday, July 8, 2010 seeking an extension of time to reply to

- 2 -

Plaintiffs' Opposition to USPS's Motion to Strike. The Reply is due tomorrow, July 9, 2010. Importantly, the Motion to Strike is closely tied to the dueling motions for summary judgment previously filed by the Parties. Both Parties' Replies to the Oppositions to the Motions for Summary Judgment are also due tomorrow, Friday, July 9, 2010.

2. Under Fed.R.Civ.P. 6, USPS must show "good cause" to extend the time. Fed.R.Civ.P. 6(b)(1). USPS's counsel claims that "good cause" exists because (a) Plaintiffs filed their Opposition to the Motion early, (b) Plaintiffs' motion was not complete, and (c) USPS counsel does not have adequate time to complete the reply due to other commitments. Because none of these reasons constitutes good cause, and Plaintiffs would be unfairly prejudiced by an extension of time, Plaintiffs respectfully request that the motion be denied.

3. First, that USPS did not "anticipate" that Plaintiffs would file their Opposition before the due date does not constitute good cause for an extension. USPS still has the same amount of time to file a reply – seven days – as it would if Plaintiffs filed on any other date.

4. Second, Plaintiffs' corrective filing on July 6, 2010 is not good cause because the filing consisted of a correction of three exhibit references and the filing of certain deposition testimony of Messrs. Hillegass, Mahlstedt and Alloca. USPS has these materials at hand and has quoted extensively from all three transcripts in its motion and other pleadings. Indeed, USPS does not even claim that these corrections have in any way hindered its ability to respond. Certainly some sort of hardship claim must accompany the corrective filing in order for it to be considered good cause for an extension. Importantly, USPS's counsel makes no claim that he does not have the time to file the other reply that is due tomorrow, the Reply to Plaintiffs' Opposition to USPS's Motion for Summary Judgment, which is a much more extensive pleading.

- 3 -

5.     Finally, Plaintiffs would be extremely and unfairly prejudiced by the requested extension of time.  Plaintiffs went to great effort to file their Opposition to Defendant's Motion to Strike on Friday, July 2, 2010 and hand-deliver it upon USPS's counsel that same day so that the reply would be due tomorrow, Friday, July 9, 2010.  Plaintiffs did not want to allow USPS the advantage of reviewing Plaintiffs' Reply to the USPS's Opposition to Plaintiffs' Motion for Summary Judgment, which is due tomorrow as well, before it had to file its Reply to Plaintiffs' Opposition to USPS's Motion to Strike.

6.     Granting USPS an extension of time would therefore provide USPS with an unfair advantage because it would be able to review Plaintiffs' Reply to USPS's Opposition to Plaintiffs' Motion for Summary Judgment and respond to it as well, essentially having "the last word" on the dispositive motions.  And this is not an idle fear.  The Motion to Strike has been used by USPS as a separate vehicle to argue the same points made in its own Motion for Summary Judgment and its Opposition to Plaintiffs' Motion for Summary Judgment.  USPS set the motion to strike and reply process into action by its own filing.  USPS's counsel was either preparing for trial, or in trial, when those steps were taken but the trial work did not hinder that filing.  USPS must now adhere to the time limits that the rules impose on its own handiwork.

7.     The status quo is that all papers related to the dueling motions for summary judgment are due tomorrow.  Plaintiffs' relied upon the rules of this Court for the date of filing and hand-delivering its Opposition specifically so that USPS would not have the advantage of filing its reply to that Opposition after the conclusion of briefing on the summary judgment motions.  USPS now seeks to upset the status quo and obtain an unfair advantage, without good

- 4 -

cause for doing so.  Because there is no good cause for such an extension, and because the extension will unfairly prejudice Plaintiffs, the motion should be denied.[1]

WHEREFORE, Plaintiffs respectfully request that USPS's Protective Motion for an Order Extending the Time to Respond to Plaintiffs' Opposition to Defendant's Motion to Strike Affidavits in Support of Plaintiffs' Motion for Summary be denied.

Date:   July 8, 2010                                                    Respectfully submitted,


/s/ Benjamin S. Boyd
Benjamin S. Boyd (Bar # 413698)
Michelle Schaefer (Bar # 478773)

DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Telephone:  202-799-4000
Facsimile:   202-799-5000
benjamin.boyd@dlapiper.com
michelle.schaefer@dlapiper.com

*Attorneys for Plaintiffs*

---

[1] As to ¶ 6 of USPS's motion (incorrectly numbered "4") Plaintiffs' counsel corrects a slight omission. Plaintiffs' counsel informed USPS's counsel that he did not have authority to consent to an extension of time, not that he did not have authority to consent to "anything."

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2010, I caused a copy of Plaintiffs' Opposition to Defendant's Protective Motion for an Order Extending the Time to Respond to Plaintiffs' Opposition to Defendant's Motion to Strike Affidavits in Support of Plaintiffs' Motion for Summary to be served by ECF Filing to:

>Darrell Valdez
>United States Attorney's Office
>501 3rd Street, NW
>Washington, DC 20001

>/s/ Benjamin S. Boyd
>Benjamin S. Boyd (Bar # 413698 )
>Michelle Schaefer (Bar # 478773  )
>DLA PIPER LLP (US)
>500 8th Street, N.W.
>Washington, D.C.  20004
>Telephone:  202-799-4000
>Facsimile:   202-799-5000
>benjamin.boyd@dlapiper.com
>michelle.schaefer@dlapiper.com

>*Attorneys for Plaintiffs*